**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **ANDREW DEAN BAILEY,** | * | **Civil No.:      GJH-19-0485** |
|     **Petitioner,** | | |
| **v.** | * | **Criminal No.: GJH-17-0225** |
| **UNITED STATES OF AMERICA,** | * | |
|     **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Currently pending before the Court is Petitioner Andrew Dean Bailey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 50. No hearing is necessary to resolve the Motion. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion is denied.

**I.      BACKGROUND**

On October 27, 2017, Petitioner pleaded guilty to one count of Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 28. at 1.[1]

On February 26, 2018, the Court sentenced Petitioner to a term of imprisonment of 120 months, in line with a plea agreement made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. ECF No. 42 at 2. During sentencing, the Court determined that Petitioner was a career offender pursuant to the Sentencing Guidelines section § 4B1.1, based on two prior

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

convictions for controlled substances possession with intent to distribute. ECF No. 43 at 1; *see also* ECF No. 31 at 6. Petitioner also had a prior conviction for robbery under Maryland law. ECF No. 31 at 8.

On February 11, 2019, Petitioner filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 50. On March 25, 2019, Petitioner filed a Supplemental Memorandum of Law. ECF No. 53. On May 23, 2019, the Government filed a Response in Opposition. ECF No. 61.[2]

## II.   MOTION UNDER 28 U.S.C. § 2255

Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence alleges ineffective assistance of counsel. ECF No. 50. Additionally, Petitioner filed a pro se Supplemental Memorandum of Law that further discusses his ineffective assistance of counsel claims.[3] ECF No. 53.

### A.  Standard of Review

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Miller v. United States*, 261 F.2d 546, 547 (4th Cir.

---

[2] Petitioner has also filed several motions seeking to obtain transcripts of court proceedings and other documents pertaining to his guilty plea, schedule a hearing, and be granted additional time to file a reply to the Government's Response in Opposition following his review of transcripts and other materials. *See* ECF No. 48; ECF No. 54; ECF No. 62; ECF No. 63. Because the issues raised here have been adequately briefed and the relevant transcripts submitted, these motions are denied.

[3] Petitioner's Supplemental Memorandum is untimely. 28 U.S.C. § 2255(f)(1). However, Petitioner included in his timely Motion a request for 30 days to submit his Supplemental Memorandum, citing, in part, lack of access to the prison library due to the government shutdown, which occurred from December 22, 2018, to January 25, 2019. *See* ECF No. 50-1 at 1. Construing Petitioner's pro se request liberally, the Court will consider the Supplemental Memorandum on that basis.

1958). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows that the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. *Id.* § 2255(b).

Additionally, as the Petitioner proceeds pro se, this Court must construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.  Governing Provisions

Petitioner contends that he is entitled to relief under § 2255 because he received ineffective assistance of counsel. Under the Sixth Amendment to the United States Constitution, a criminal defendant has the right to effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970). To establish a redressable claim of ineffective assistance of counsel, a petitioner much show (1) that counsel's performance was deficient and (2) prejudice resulted from counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonableness, *id.* at 687–88, such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *see also United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Those errors are prejudicial when "there is a reasonable probability that, but for the counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts are "highly deferential" to counsel's tactical decisions and petitioners must overcome the strong presumption that the challenged action falls within "the wide range of reasonable assistance." *Id.* at 689. Further, to prove prejudice if the petitioner entered a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, (1985)).

### C.  Discussion

Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence alleges ineffective assistance of counsel on two grounds. ECF No. 50. The Motion requests relief on the basis that (1) Counsel failed to fully explain the terms of the plea agreement signed by Petitioner, such that any waiver of rights was not knowing or voluntary; and (2) Counsel did not object to Petitioner being designated as a career offender, leading to a higher sentence than he would have otherwise received. *Id.* The Court will address each ground separately.

### 1.  Knowing and Voluntary Waiver

First, Petitioner argues that Counsel failed to inform him of the substance of his written plea agreement pursuant to Rule 11(c)(1)(C), rendering the plea uninformed and involuntary. ECF No. 50 at 4–7.

As noted previously, to show ineffective assistance of counsel with regards to a guilty plea, a petitioner must demonstrate that (1) his counsel's actions fell below an objectively reasonable standard, and (2) but for counsel's errors, it is reasonably probable that the defendant would not have pleaded guilty and would have instead elected to face trial. *See Strickland*, 466 U.S. 687; *Hooper*, 845 F.2d at 475; *see also United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007).

To establish whether a petitioner has met this bar, a court may look to the case's Rule 11 proceedings to consider whether Petitioner's plea was knowing and voluntary. Under Rule 11(b)(1), a petitioner must be placed under oath, and the district court must address the petitioner in open court and make a series of disclosures, including, in part, the nature of the charge, any

mandatory minimum sentence and the maximum possible sentence, and the defendant's right to plead not guilty and be tried by a jury with the assistance of counsel. Fed. R. Crim. P. 11(b)(1). Rule 11(b)(2) and 11(b)(3) further stipulate that the court must address the defendant and determine that the plea is voluntary and that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2), 11(b)(3).

These recitations are important for the present matter because a defendant's "solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005); *see also Lattisaw v. United States*, No. CR ELH-15-345, 2018 WL 4468850, at *5 (D. Md. Sept. 18, 2018).

As part of the plea process, Petitioner participated in a Rule 11 hearing before this Court on October 27, 2017, where he testified under oath that he understood the nature of the charges against him and the details of the plea agreement, that his plea was uncoerced, and that he was satisfied with Counsel's representation. ECF No. 59.

For instance, the transcript, in relevant part, provides:

THE COURT: First, do you understand that you are now under oath and, if you answer any of my questions falsely, your answers may be used against you in another prosecution for perjury or for false statement?

THE DEFENDANT: Yes.

* * *

THE COURT: Did you sign this document after reading it, reviewing it with your attorney, and making sure you understood what was in it?

THE DEFENDANT: Yes.

* * *

THE COURT: Do you understand the elements of the two crimes that you're pleading guilty to?

THE DEFENDANT: Yes.

* * *

THE COURT: You are also waiving your right to appeal your conviction. Both sides are waiving all right to appeal the sentence if I impose the agreed-upon sentence of 120 months. Do you understand that you are waiving your appellate rights in this case?

THE DEFENDANT: Yes.

* * *

THE COURT: All right, Mr. Bailey, other than what is in this agreement and the matters we have discussed today, are there any other promises that have been made to you to convince you to enter into this agreement?

THE DEFENDANT: No.

THE COURT: Has anyone threatened you or someone close to you to get you to enter into this agreement?

THE DEFENDANT: No.

* * *

THE COURT: Have you met with your attorney to discuss this plea agreement?

THE DEFENDANT: Yes.

THE COURT: How many times did you meet with him?

THE DEFENDANT: Numerous times.

THE COURT: You said numerous times?

THE DEFENDANT: Yes.

THE COURT: Did he answer any questions you had about the agreement?

THE DEFENDANT: Yes.

THE COURT: Do you feel he provided you with enough of his time to discuss it with him?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with the job that he has done on your behalf?

THE DEFENDANT: Yes.

THE COURT: Is it still your desire to enter into this plea agreement and plead guilty?

THE DEFENDANT: Yes.

*Id.* at 6, 10–11, 12, 20, 21, 22.

By contrast, Petitioner's Motion provides only bare assertions that he "didn't understand" the plea agreement and that Counsel declined to read the agreement in full to Petitioner before asking him to sign it. ECF No. 50 at 5. He asserts he told Counsel at the time that he "could not read or write that good," and that he suffered from a learning disability. *Id.* at 4. He adds that Counsel "never brought my learning disability to the Court's attention." ECF No. 7. He further states that on the day of the Rule 11 hearing, "I didn't understand but did what my lawyer told me to do." *Id.* at 6.

7

Without more, however, these allegations are insufficient. Petitioner has not provided evidence that would refute his sworn testimony, and, therefore, his claim is "insufficient to satisfy the 'prejudice' requirement of the *Strickland* test because he has alleged no facts that support his conclusion that he would not have pleaded guilty but for counsel's errors." *Proctor v. United States*, No. CIV.A. RWT 07-2701, 2008 WL 5169684, at *3 (D. Md. Dec. 9, 2008); *see also Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). As such, the Court finds that Petitioner's sworn statements establish that the guilty plea was both informed and voluntary.

Thus, Petitioner's allegation of ineffective assistance of counsel on the first ground is denied.

### 2.  Career Offender Status

Next, Petitioner contends that Counsel failed to object to his designation as a career offender under the United States Sentencing Guidelines. ECF No. 50 at 8–9. As above, Petitioner must meet the two-part *Strickland* test to establish ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687; *Hooper*, 845 F.2d at 475.

The Sentencing Guidelines section 4B1.1(a) provides a defendant is a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Here, Petitioner primarily contends that his Maryland robbery conviction was not appropriate for inclusion in determining his career offender status, because Maryland robbery "categorically fails to qualify as a 'crime of violence'" under the "force" clause of the

Sentencing Guidelines. ECF No. 50 at 9.[4] He argues that had his attorney "done the proper research," he would "have never allowed me to take an 11(c)(1)(C) plea agreement that designated me a career offender." *Id.*

This argument, however, fails for several reasons. First, as provided in the Presentence Investigation Report (PSR), prepared by the United States Probation Office, Mr. Bailey's "career offender" status was predicated *not* on his prior Maryland robbery conviction, but rather on two prior Maryland state convictions for possession of controlled dangerous substances with intent to distribute. ECF No. 31 at 6.

Indeed, the PSR provides that:

The defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Specifically, the defendant was convicted of Possession of CDS with Intent to Distribute on two occasions in the Circuit Court for Montgomery County (Docket No.: 104352C & 110858C). The defendant is a career offender.

*Id.*

Each of these state convictions properly qualifies as a "controlled substance offense" under the Sentencing Guidelines. U.S.S.G. § 4B1.2(b). Section 4B1.2(b) defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* Petitioner's prior controlled substances convictions, under Md. Code Ann. Crim.

---

[4] The Supplemental Memorandum also addresses this claim. ECF No. 53 at 3–8. Consideration of the Supplemental Memorandum does not change the Court's analysis.

Law § 5-602, meet this definition.[5] *See* Md. Cir. Ct., Docket Nos. 104352C, 110858C; *see also*

*Chambers v. United States*, No. CR RDB-07-0286, 2019 WL 2552239, at *7 (D. Md. June 20,

2019) (holding that "convictions under § 5-602 may serve as predicate offenses for purposes of a

career offender designation") (collecting cases). As such, the career offender designation was

appropriate in light of the two controlled substances convictions.

Second, even if Petitioner did not already have two prior convictions meeting the career

offender standard, Maryland robbery has been deemed a "crime of violence" under the

Sentencing Guidelines. According to the Guidelines, a "crime of violence" is defined as

> any offense under federal or state law, punishable by imprisonment for a term exceeding
> one year, that—(1) has as an element the use, attempted use, or threatened use of physical
> force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping,
> aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or
> unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material
> as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).

Courts employ the "categorical approach" in determining whether a conviction for a state

offense is a "crime of violence." *See United States v. Hammond*, 912 F.3d 658, 661 (4th Cir.

2019). To constitute a "crime of violence," a conviction must meet either the "force" clause,

section 4B1.2(a)(1), or the "enumerated" clause, section 4B1.2(a)(2). *United States v. Gattis*, 877

F.3d 150, 154 (4th Cir. 2017).

Under the "force" clause, the state crime "necessarily must have as an element the 'use,

attempted use, or threatened use of physical force against the person of another' to qualify."

*Hammond*, 912 F.3d at 661. With respect to Maryland robbery, the Fourth Circuit has recently

---

[5] A person who violates § 5-602 "is guilty of a felony and on conviction is subject to imprisonment not exceeding 5 years or a fine not exceeding $15,000 or both." Md. Code Ann. Crim. Law § 5-608(a). Thus, to the extent that Petitioner additionally argues that his controlled substances convictions should not have been used to designate him as a career offender, that argument fails for the reasons described here. *See* ECF No. 50 at 9.

held the offense meets the definition of "crime of violence" under the "force" clause of section 4B1.2(a). *See United States v. Dickson*, No. 19-4226, 2022 WL 2340553, at *1 (4th Cir. June 29, 2022) (per curiam) (holding that an argument to the contrary is "foreclosed") (citing *United States v. Johnson*, 945 F.3d 174, 181 (4th Cir. 2019); *United States v. Drummond*, 925 F.3d 681, 690 n.4 (4th Cir. 2019); *Dickson v. United States*, 478 Md. 255, 257, 274 A.3d 366, 367 (2022)). Therefore, Petitioner's argument fails as it pertains to the "force" clause.

Because Maryland robbery qualifies as a "crime of violence" under the "force" clause, the Court declines to consider whether Maryland robbery also qualifies as a crime of violence under the "enumerated" clause. *See Dickson*, 2022 WL 2340553, at *1 n.1 (declining to decide the issue "[b]ecause the district court properly held that Maryland robbery qualifies as a crime of violence under the force clause").

Finally, even assuming that Petitioner was wrongly deemed a "career offender," his sentence, as provided by the plea agreement, falls at the bottom of the sentencing guidelines that would have been applicable even absent a career offender designation. As the PSR indicates, before the career offender designation was included, Petitioner had a total criminal history score of 12, with a criminal history category of V. ECF No. 31 at 12. The plea agreement specifies that, absent the career offender designation, the final offense level in this case would be 27. ECF No. 28 at 5. Yet a total offense level of 27, combined with a criminal history level of V, results in sentence guidelines equaling 120–150 months. U.S.S.G. Ch. 5, Pt. A. Petitioner's current sentence of 120 months is already at the bottom of this given range—and, thus, Petitioner has not shown that ineffective counsel caused him prejudice in the proceedings.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the

court is required to issue or deny a certificate of appealability when it enters a final order adverse

to the applicant. Because the accompanying Order is a final order adverse to the applicant,

Petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. §

2253(c)(1).

Where the court denies petitioner's motion on its merits, a petitioner satisfies this

standard by demonstrating that reasonable jurists would find the court's assessment of the

constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The

Petitioner has not made the requisite showing, and thus, the Court declines to issue a certificate

of appealability.

## IV.    CONCLUSION

For the foregoing reasons Petitioner's Motion to Vacate, Set Aside, or Correct a

Sentence, ECF No. 50, is denied. A separate Order follows.

Date: _August 30, 2022_                                   ___/s/_____
                                                          GEORGE J. HAZEL
                                                          United States District Judge